WILLIAM T. DAVIS *vs.* JOSEPH R. HIGGINS, *Ex.*

OCTOBER 30, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is an action of assumpsit in which the plaintiff is seeking to recover from the defendant, in his representative capacity as executor of the will of Eva E.

Higgins, a certain claim against her estate, which claim the defendant had disallowed. A justice of the superior court sustained the defendant's demurrer to the plaintiff's declaration, and the case is now before us on the latter's exception to such ruling.

The following material facts are alleged by the plaintiff in his declaration. On December 4, 1935 the defendant, as executor of the will of Eva E. Higgins, filed in the probate court of the city of Cranston a petition praying for leave to disallow out of time the plaintiff's claim which had theretofore been filed against said estate. After a hearing in said probate court the judge of said court on the 17th day of December, 1935 entered an order and decree permitting the defendant, as executor, to disallow the plaintiff's claim on or before the 27th day of December, 1935. The defendant disallowed said claim prior to the 27th day of December, 1935 and on the 21st day of December, 1935 gave notice in writing to the plaintiff that he had done so. The plaintiff thereupon duly prosecuted an appeal from the said order and decree of the probate court of the city of Cranston to the superior court and, after said court had affirmed said order and decree of said probate court, the plaintiff duly prosecuted his bill of exceptions to this court.

After a hearing, this court overruled the plaintiff's exception and confirmed the order and decree of the said probate court granting the defendant, as executor, permission to disallow out of time the plaintiff's said claim. The decision by this court was rendered on December 11, 1937. *Davis v. Higgins,* 59 R. I. 339. The plaintiff then alleges that within six months after notice had been given him that his claim was disallowed, "said notice taking effect as of the date of the aforesaid final decision of the Honorable Supreme Court", he commenced the present case against the defendant as executor of her will. This was done by a writ dated May 19, 1938.

The defendant demurred to the declaration herein on the ground that it appeared the case was not commenced within six months after notice of disallowance of his claim had been given the plaintiff by the defendant. In support of his contention the defendant relies primarily on the provisions of G. L. 1923, chap. 365, sec. 11 (G. L. 1938, c. 578, §11) which reads as follows: "Suit may be brought on a disallowed claim within six months after notice is given to the claimant that the same is disallowed . . . and, unless otherwise authorized, suit on such claim shall not be brought thereafter against the executor or administrator." The defendant urges that the provisions of this section have not been complied with by the plaintiff, and that the instant suit was begun too late and after the time permitted by the statute in question.

The plaintiff, however, argues that his suit is properly brought and relies on the provisions of G. L. 1923, chap. 362, sec. 11 (G. L. 1938, c. 573, §11) which is as follows: "If an appeal is claimed from an order or decree of a probate court, the operation of such order or decree shall be suspended, except as otherwise provided, until the appeal is dismissed or discontinued or the order or decree shall be finally affirmed."

The question presented appears to be one of statutory construction. Upon consideration we are of the opinion that the plaintiff's position in the instant case is correct, and that, on the facts set out in the declaration now before us, said case is not brought too late, as the defendant maintains.

The scope of chap. 362, sec. 11 (c. 573, §11), *supra,* is apparently intended to be broad and, unless some statute clearly provides otherwise, the operation of an order or decree of a probate court is ordinarily, under the provisions of said section, suspended by an appeal therefrom, assuming an appeal properly lies. Certain statutes dealing with

definite situations arising in connection with the administration of estates do specifically provide that an appeal from an order or decree of a probate court in those instances shall not suspend the operation of such order or decree. However, it is clear from an examination of G. L. 1923, chap. 365, sec. 11 (G. L. 1938, c. 578, §11), relied on by the defendant, that there is nothing in that section to indicate, either specifically or by necessary implication, that the legislature intended thereby to nullify the provisions of the prior chap. 362, sec. 11 (c. 573, §11), *supra,* which latter section provides for the general suspension of the operation of an order or decree of a probate court "except as otherwise provided", when an appeal is claimed therefrom. Further, those statutory provisions which do come within the above phrase "except as otherwise provided" do not include, expressly or by necessary implication, an appeal from an order or decree of a probate court permitting an executor to disallow a claim out of time.

An examination of the authorities shows that the statute from which chap. 362, sec. 11 (c. 573, §11), *supra,* is derived has been broadly construed. In *Dyer* v. *Dyer,* 17 R. I. 547, it was held that a decree of a probate court setting off to a widow certain parts of her husband's realty took effect only at the time of its affirmance on appeal. The statute involved in that case was substantially similar to chap. 362, sec. 11 (c. 573, §11), *supra.* The court in deciding that case used the following language at page 550: "The determinate question therefore is, when was the real estate for which the plaintiff claims rent set off to her? We think it was when the decree of the Probate Court was affirmed by this court. Pub. Stat. R. I. cap. 181, §7, provides that 'in case any order, decree, or determination of any Court of Probate shall be appealed from, the operation of such order or decree shall be *suspended* until the same shall be affirmed by the Supreme Court.' The suspension of a right in an estate is a partial extinguishment thereof, or an extinguishment

for a time. It differs from an extinguishment in this: a suspended right may be revived, while one extinguished is absolutely dead. . : . Under this statute, therefore, it is clear that the decree appealed from in this case never became operative until affirmed by this court; and hence it necessarily follows that the plaintiff has no claim to any rents and profits which accrued prior to that time." See also *Municipal Court* v. *McDonough*, 24 R. I. 498.

The defendant relies strongly on the provisions of G. L. 1923, chap. 362, sec. 12 (G. L. 1938, c. 573, §12), which is as follows: "If an appeal is claimed from a decree of a probate court granting letters testamentary, of administration, or of guardianship, the executor, administrator or guardian, on giving bond as by law required, shall have power to file an inventory and to collect, receive and take possession of all the rights, credits and estates of the testator, intestate or ward, as if no appeal had been claimed. All claims against the estate of the deceased or ward shall be filed within the time prescribed by law, and the executor, administrator or guardian may, under the direction of the probate court, do such acts as the law requires concerning claims; and all limitations in regard to claims shall apply as if no appeal had been claimed."

. The defendant calls our attention to the last clause of that section, and argues as if it stood alone as a separate section. We are of the opinion, however, that the language of said clause is of no aid to him in the present case. The whole section must be read together and, when so read, it is clear that the application of the clause in question is not intended to be general, but is limited to the situations set out in the section, that is to say, when an appeal has been claimed from a decree of a probate court granting letters testamentary, of administration, or of guardianship. The obvious purpose of the section is to provide for the orderly administration of estates in the instances named, including

the matter of filing and disposing of claims in the cases referred to in that section, pending an appeal. It may be noted that in the section in question it is provided that all claims against *the* estate of *the* deceased or ward shall be filed, *etc.,* plainly referring to the estate mentioned in the first sentence of such section.

We find, therefore, that the plaintiff's appeal from the order or decree of the probate court of the city of Cranston, allowing the defendant, as executor as aforesaid, to disallow out of time the plaintiff's claim, suspended the operation of that decree. It did not become operative until such appeal was finally dismissed by this court. By such a construction, effect is given to the provisions of both chap. 362, sec. 11 (c. 573, §11), *supra,* and chap. 365, secs. 11 and 12 (c. 578, §§11 and 12), *supra;* whereas, the interpretation contended for by the defendant would nullify by construction the plain terms of a general statutory provision.

As the plaintiff's declaration alleges that he brought suit on the disallowed claim within six months after the opinion of this court disposing of said appeal was filed, we find that he has complied with the provisions of G. L. 1923, chap. 365, sec. 11 (G. L. 1938, c. 578, §11) and that the instant case is brought in time, and is not barred by the statute of limitations relating to the bringing of actions against an estate on a disallowed claim. In our opinion, therefore, the ruling of the justice of the superior court sustaining the defendant's demurrer to the plaintiff's declaration was erroneous.

The plaintiff's exception is sustained, and the case is remitted to the superior court for further proceedings.

*Leo M. Goldberg, Philip B. Goldberg,* for plaintiff.

*Edward M. Sullivan, John J. Sullivan,* for defendant.